UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 25-152 (DWF/DLM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Chase Zikiee Lash, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Chase Zikiee Lash's motion to revoke (Doc. No. 53) Magistrate Judge Douglas L. Micko's order of detention (Doc. Nos. 51, 59). The United States of America (the "Government") filed a response in opposition. (Doc. No. 60.) For the reasons set forth below, the Court denies Lash's motion to revoke and affirms Magistrate Judge Micko's order.

## BACKGROUND

Lash was charged via indictment with possession with intent to distribute controlled substances, possession of a firearm in furtherance of drug trafficking, and felon in possession of ammunition on April 17, 2025. (Doc. No. 1.) Lash made his first appearance on May 5, 2025. (Doc. No. 7.) At that hearing, Lash waived his right to a detention hearing but reserved the right to reopen detention if circumstances changed. (*Id.*) He waived his right because, at the time, he was subject to a hold from the

Minnesota Department of Corrections. (Doc. No. 13 at 1.) Accordingly, Magistrate Judge Elizabeth Cowan Wright ordered pretrial detention. (*Id.* at 2.)

On November 4, 2025, Lash moved to reopen detention because his state sentence was due to expire on November 10, 2025, meaning the Minnesota Department of Corrections would lift its hold. (Doc. No. 39.) Magistrate Judge Micko held a hearing on Lash's motion to reopen on November 21, 2025. (Doc. No. 51.) At the hearing, Magistrate Judge Micko granted Lash's request to reopen detention but denied the motion to the extent he sought pretrial release. (*Id.*)[1] Lash now moves to revoke Magistrate Judge Micko's order denying pretrial release under 18 U.S.C. § 3145(b). (Doc. No. 53.)

## DISCUSSION

A district court reviews a magistrate judge's order for release or detention de novo. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). A defendant may be detained pending trial "if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions will *reasonably assure* the defendant's appearance." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citation modified). To determine whether such release conditions exist, courts consider: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and

---

[1]   On December 2, 2025, Magistrate Judge Micko filed a written order of detention detailing his findings of fact and conclusions of law from the November 21st hearing. (Doc. No. 59.) The Court considers the oral order and written order as one below.

2

(4) the seriousness of the danger to the person or community. *Id.* In cases like this one, there is a presumption that no condition or set of conditions will reasonably assure the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(3)(A). The defendant bears a limited burden of production to rebut that presumption by presenting evidence that they do not pose a danger to the community. *See Abad*, 350 F.3d at 797. Once that burden is met, the presumption no longer controls, but the court must consider it as a factor when weighing the other factors. *Id.*

Magistrate Judge Micko found that there are no conditions that could reasonably assure the safety of the community. (Doc. No. 59 at 3.) Magistrate Judge Micko focused particularly on the allegations in this case that Lash was found with a distribution-quantity of controlled substances and privately manufactured a firearm, also known as a "ghost gun," all while on parole in his state case. (*See id.* at 2.)

Lash argues that there are now conditions of release that the Court can impose to reasonably assure the safety of the community because his state sentence has ended, he has successfully participated in six months of mental health treatment, and the Government has admitted a likely reduction in the potential sentence in this case—from a ten-year mandatory minimum to a five-year mandatory minimum. (Doc. No. 53 at 4.) Additionally, Lash argues that his criminal record does not include any recent crimes of violence, and the offenses alleged here are not crimes of violence. (*Id.* at 5.) Moreover, Lash asserts that any risk to the community can be reduced by placing him on house arrest with GPS monitoring, placing him in a halfway house, or allowing him to participate in a six-month drug and mental health treatment program. (*Id.* at 4-5.)

The Government argues that mental health treatment records and a reduced mandatory minimum are not sufficient to rebut the presumption of detention under § 3142(e)(3)(A).  (Doc. No. 60 at 3-4.)  It also emphasizes Lash's significant criminal history and that he allegedly committed the present offenses while on state parole.  (*Id.* at 5; *see* Doc. No. 45 at 5-6.)

After an independent review of the record, including the indictment, the Bail Report, and the exhibits submitted in support of the original motion to reopen detention, and the arguments of counsel, the Court agrees with Magistrate Judge Micko's conclusion that no condition or combination of conditions exist that will reasonably assure the safety of the community if Lash is released.  While Lash's dedication to mental health treatment over the last six months is admirable, this progress does not outweigh the Court's concerns about the nature of the crimes charged here—particularly that the crimes were allegedly committed while Lash was on state parole—and Lash's criminal history.  Likewise, the potential reduction in mandatory minimum sentence does not assuage these concerns.

In conclusion, the Court denies Lash's motion to revoke Magistrate Judge Micko's order of detention under 18 U.S.C. § 3145(b).[2]  Even though the Court denies his motion today, it hopes that Lash will continue engaging in mental health treatment programs while in pretrial detention.

---

[2]  In the motion, Lash also requested that the Court hold a hearing.  The Court finds that a hearing on the motion is unnecessary.

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Chase Zikiee Lash's motion to revoke Magistrate Judge Douglas L. Micko's order of detention (Doc. No. [53]) is **DENIED**.

2. Magistrate Judge Micko's order of detention (Doc. Nos. [51], [59]) is **AFFIRMED**.

3. Lash shall remain committed to the custody of the Attorney General in accordance with Magistrate Judge Micko's order of detention dated December 2, 2025.

Dated:  December 11, 2025          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge